**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brianna Harcrow,<br><br>    Petitioner,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-08183-PCT-SPL<br><br>**ORDER** |

  Petitioner Brianna Harcrow seeks judicial review of the denial of her application for disability insurance benefits and supplemental security income benefits under the Social Security Act, 42 U.S.C. § 405(g). (Doc. 1). Petitioner argues the Administrative Law Judge ("ALJ") erred by rejecting the treating providers' assessments. (Doc. 20 at 9, 13). She seeks a remand for benefits, or in the alternative, a remand for further proceedings. (Doc. 18 at 25).

  Before the Court is Petitioner's Complaint (Doc. 1), Opening Brief (Doc. 20), Defendant Commissioner of Social Security's Response Brief (Doc. 23), Petitioner's Reply Brief (Doc. 24), and the Administrative Record (Doc. 17) (henceforth "R."). Because the Court finds legal error on the part of the ALJ, it will vacate the Social Security Administration's decision and remand for further proceedings as to the treating neurologist's opinion.

**I.  BACKGROUND**

  Petitioner filed an application for Title II period of disability and disability insurance

benefits on November 29, 2016 and May 8, 2008, respectively. (R. at 194, 196). She also filed a Title VXI application for supplemental security income on January 4, 2017. (R. at 194). Petitioner alleged disability beginning May 8, 2008. (R. at 194, 196). A Social Security Administration ALJ denied the claim on August 9, 2019, after a hearing. (R. at 20). Petitioner requested reconsideration of the initial determination and submitted further records. (R. at 193). The request for reconsideration was denied on June 25, 2020. (R. at 1). Petitioner seeks judicial review of the denial.

The ALJ found Petitioner had "severe" impairments of "seizure disorder; bipolar disorder; generalized anxiety disorder; post-traumatic stress disorder (PTSD); personality disorder, NOS; and major depressive disorder." (R. at 15). The ALJ found Petitioner was capable of "a full range of work at all exertional levels," with some limitations: "Never climb ladders ropes scaffolds: must avoid all exposure to hazards, including unprotected heights and moving machinery," but that she could

> understand, remember and carry out simple instructions and perform simple, routine and repetitive tasks comprising simple unskilled work; with occasional changes in the work setting that are gradually introduced; occasional superficial interaction with the public and coworkers, but no crowd contact; occasional supervision that is direct and concrete; with no fast-paced assembly-type high production demand work.

(R. at 16–17). The ALJ gave partial weight to the treating physician, the treating psychiatrist, and the state agency reviewing physicians. (R. at 18–19). The ALJ gave limited weight to the treating licensed professional counselor ("LPC"). (R. at 19). The ALJ discounted the opinion of the treating physician because it was unsupported by the greater record. (R. at 18). The ALJ discounted the treating psychiatrist's opinion because the "extreme limitations she assessed are not supported by the greater record or the claimant's observed levels of functioning." (R. at 18) The ALJ discounted the LPC's opinion because it was inconsistent with the record and with claimant's acknowledged activity level. (R. at 19). A vocational expert testified that Petitioner could perform work as a "collator operator and routing clerk." (R. 20). The ALJ concluded Petitioner was not disabled from the alleged

onset date to the date of the hearing. (R. at 20). Petitioner alleges the ALJ erred by improperly rejecting the treating providers' assessments. (Doc. 20 at 9, 13).

## II.     LEGAL STANDARDS

A person is considered "disabled" for the purpose of receiving social security benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Trevizo v. Berryhill*, 871 F.3d 664, 674–75 (9th Cir. 2017).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* at 675. The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she or] he did not rely." *Id.* The Court will not reverse for an error that is "inconsequential to the ultimate nondisability determination" or where the ALJ's "path may reasonably be discerned, even if the [ALJ] explains [his] decision with less than ideal clarity." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citing *Alaska Dept. of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004)). The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Solomon v. Comm'r of Soc. Sec. Admin.*, 376 F. Supp. 3d 1012, 1016 (D. Ariz. 2019) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds*). If the error did not alter the outcome, it is harmless. *Id.*

"If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings." *Grim v. Colvin*, 128 F. Supp. 3d 1220, 1232 (D. Ariz. 2015) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

### III. DISCUSSION

At issue are the opinions of two treating physicians and a treating LPC. *See supra* I.

#### A. Treating physicians

Treating physician's opinions are normally given "controlling weight," but they are not entitled controlling weight if the opinion is not "well-supported" or inconsistent with other substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527). If the treating physician's opinions are not entitled controlling weight, the Administration considers specific factors in determining the weight it will be given, including "length of the treatment relationship and the frequency of examination" by the treating physician; the "nature and extent of the treatment relationship" between the patient and the treating physician; the supportability of the opinion (whether there are lab findings or other medical signs); consistency with the record; and whether the treating physician specializes in the area at issue. § 404.1527(c).

##### i. Neurologist

The ALJ gave partial weight to the opinion of treating neurologist Dr. Mackenzie, because "the greater record fails to support the assertion that the claimant's seizure disorder results in any restrictions or limitations in excess of those outlined in the residual functional capacity." (R. at 18). His opinion was given partial weight because he is a treating source. (R. at 18). Petitioner argues his opinion should be afforded additional weight due to his treatment relationship, examining relationship, and specialization in the area at issue, and that reliance on the consistency factor was a significant error. (Doc. 20 at 10). Petitioner

also notes that the state agency examining consultants did not address Petitioner's seizure disorder, only her mental disorders, and thus Dr. Mackenzie's opinion is uncontradicted. (Doc 20 at 12). Defendant argues the state consultants' opinions were partially contradictory of Dr. Mackenzie's opinions and that the residual functioning capacity did include many of the limitations Dr. Mackenzie noted. (Doc. 23 at 10).

In reviewing the opinions from Dr. Mackenzie and the consultants, the Court found no discussion of Petitioner's seizures by the consultants. (R. at 88–99, 101–12). The consultants found no disability where Dr. Mackenzie did (R. at 98, 111, 551–56), however, the Court cannot find, from the information provided by the ALJ, that the record is inconsistent with Dr. Mackenzie'a opinion. The ALJ gave no specific record cites showing where the record contradicts Dr. Mackenzie's opinions regarding Petitioner's seizures; there are notes from other providers that mention the seizures, some of them from Dr. Mackenzie himself, but nothing more. (R. at 534–35, 551, 726, 748) An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). The ALJ gave virtually no reasons for the rejection, since he did not provide any specific instances in the greater record that showed Petitioner's seizures did not affect her ability to work and function. The ALJ erred when he discounted Dr. Mackenzie's opinion. Dr. Mackenzie opined that Petitioner's seizures could prevent her from working three to four times a month. (R. at 554). The vocational expert testified that a hypothetical individual with Petitioner's conditions could not find a job if they had to miss work more than three times a month. (R. at 83). Therefore, discrediting Dr. Mackenzie's opinion was not harmless error because it affected the outcome of the case.

### ii. Psychiatrist

The ALJ gave partial weight to the opinion of treating physician Dr. Cheeves, a psychiatrist, because "the extreme limitations she assessed are not supported by the greater record or the claimant's observed level of functioning." (R. at 18). However, the ALJ gave the opinion partial weight because of her treatment relationship with Petitioner and the

consistency with the record regarding Petitioner's diagnosis. (R. at 18). Petitioner argues the ALJ did not give specific and legitimate reasons for discounting Dr. Cheeves' opinion. (Doc. 20 at 16–18, 20) The ALJ gave specific instances of times the record was inconsistent with Dr. Cheeves' assessments that Petitioner is suffering extreme limitations due to her mental state. (R. at 18, 425–59, 455–532, 479, 496–97, 500, 539–50, 557–76). Petitioner's opening brief embarks on a long analysis as to each instance, arguing that they should not be interpreted as inconsistent with Dr. Cheeves' opinion. (Doc. 20 at 17–18, 20). Having reviewed the record as a whole and the arguments in the briefing, the Court agrees that the reasons provided could be subject to different interpretation. However, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusions must be upheld." *Campbell v. Saul*, 848 F. App'x 718, 721 (9th Cir. 2021) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). Therefore, the Court concludes the ALJ did not err when he gave partial weight to Dr. Cheeves' opinion because one interpretation of the record supports the ALJ's conclusions.

### B. Treating Licensed Professional Counselor

The ALJ discounted the LPC's opinion because it was "not consistent with the claimant's acknowledged activity level" and with the greater record. (R. at 19). The opinions of LPCs are considered "other sources" by the Social Security Administration. *Blodgett v. Comm'r of Soc. Sec. Admin.*, 534 F. App'x 608, 610 (9th Cir. 2013). ALJs need only provide germane reasons for discounting opinions from other sources. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015); *see also Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

"The Ninth Circuit has not defined 'germane' in the context of rejecting the opinion from an 'other source,'" but other courts in this district have defined "germane" in this context as "relevant" or "pertinent." *Schwab v. Colvin*, 2016 WL 4168761, *9 (D. Ariz. 2016) (citing Black's Law Dictionary (7th ed. 1999)); *see also Harris v. Comm'r of Soc.*

*Sec. Admin.*, No. CV-19-08159-PCT-DWL, 2020 WL 5939736, at *6 (D. Ariz. Oct. 7, 2020).

Although the ALJ stated the greater record is inconsistent with the LPC's findings, he cited to nothing specific. (R. at 19). However, according to the ALJ, the LPC asserted Petitioner has a "lack of skills of independent adult living" and "limited peer and social relationships outside of her family and religious congregation," (R. at 19), which the ALJ found inconsistent with the following acknowledged activity levels:

> She can maintain basic daily activities and spend time with family and friends. She lives with her employed parents, so often is home alone and functions independently. She can cook herself simple meals, helps with household chores, visits her grandparents once a month, plays video games for up to 5 hours per day, uses her computer for art and photo projects, watches TV, gardens, shops with her mother, helps load the heavier laundry items, and occasionally enjoys photography.

(R. at 17, 19, 101–12, 302, 304). As Petitioner points out, some of the cites the ALJ provides do not actually contain information about Petitioner's activities: R. at 302, 304. However, that is harmless error. Evidence of a claimant's daily activities may be used to discount medical source opinions. *See Hernandez v. Saul*, 808 F. App'x 425, 427 (9th Cir. 2020). Based on the activities cited, it appears Petitioner is capable of functioning independently at a higher level than assessed by the LPC. The ALJ need only provide germane reasons for discounting the LPC's opinion, which he did. Therefore, the Court finds the ALJ did not err.

## IV.     CONCLUSION

It is in this Court's discretion to reverse and remand for an award of benefits or further proceedings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The Court finds the ALJ erred when he did not provide specific, clear, and convincing evidence for assigning little weight to the treating neurologist's opinion. An enhancement of the record would be useful as to this specific issue.

Therefore,

///

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated and remanded** to the Commissioner of the Social Security Administration **for further proceedings** consistent with this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 3rd day of August, 2021.

Honorable Steven P. Logan
United States District Judge